[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The above-captioned case was tried to the court.
The court entered judgment for the plaintiff in the amount of $39,945.
The plaintiff also sought foreclosure of a mechanic's lien. In its memorandum, the court denied that claim for relief "without prejudice", and held that:
 "The plaintiff has made a claim for foreclosure of its mechanic's lien. Section 49-33(h) of the General Statutes provides that: "Any mechanic's lien may be foreclosed in the same manner as a mortgage." Foreclosure judgments are of two types in the State of Connecticut. The court enters a judgment of foreclosure by sale ordering the premises be sold at public auction where the likely equity of the party being foreclosed is so great that after payment to the foreclosing creditor and expenses of sale, a remaining sum from the avails of the sale can be returned to the owner of the equity. Where there is no equity, strict foreclosure is appropriate absolutely vesting title in the creditor as of a certain date of the owner-debtor does not redeem before the law day set by the court. Without evidence as to the value of the real estate, or whether there are any subsequent creditors or lienors, the court cannot enter judgment of foreclosure at this time and that claim is denied without prejudice."
The plaintiff then took an appeal to the Appellate Court, which is pending.
This court is now in receipt of a Motion for Judgment of Strict Foreclosure and Objection to it, which evidently both parties agree should be heard by the undersigned.
The court declines to do so until the pending appeal is resolved, unless leave to do so is granted by the Appellate Court.
FLYNN, J. CT Page 11919